**No. 63474.—Arthur H. Lee & Sons, Inc. *v.* United States, protest 58/1168 (New York).**

FORD, Judge: The merchandise covered by the above protest involves embroidered linen curtains in part of machine-made lace, which were assessed with duty at the rate of 76½ per centum ad valorem under paragraph 1529(a) of the Tariff Act of 1930, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108, which provides as follows:

Articles (including fabrics), ornamented:
 Provided for in subdivision [6][1] of paragraph 1529(a):
  Wholly or in chief value of vegetable fiber other than
   cotton:

\*      \*      \*      \*      \*      \*      \*
    Other (except sheets and pillowcases) _____    76½% ad val.

Plaintiff contends the merchandise to be properly dutiable at the rate of 65 per centum ad valorem under paragraph 1529(a) of the Tariff Act of 1930, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, 86 Treas. Dec. 121, T.D. 52739, which provides as follows:

Fabrics and articles (except wearing apparel) provided for in
 subdivision 32,[2] in part of machine-made lace and not pro-
 vided for in any other item 1529(a) in this Part_____    65% ad val.

It was stipulated by and between counsel for the respective parties that the involved merchandise consists of embroidered linen curtains in part of machine-made lace.

The provision under which the involved merchandise was classified is basically for articles, ornamented, whereas the claim of the importer herein covers articles in part of machine-made lace. The issue thus presented is, which of the two competing paragraphs is more specific? The provision for "in part of" machine-made lace is more specific than the one for "articles," ornamented. In the case of *Glendinning McLeish & Co.* v. *United States*, 14 Treas. Dec. 461, T.D. 28594, The Board of General Appraisers (now the United States Customs Court) held that certain hemstitched handkerchiefs in part of lace were more specifically provided for under paragraph 339 of the Tariff Act of 1897, which covered "handkerchiefs \* \* \* in part of lace," rather than under the provisions of paragraph 345 of said act, which contained language covering "hand-

kerchiefs * * * if hemstitched." By the same token, the provision for articles in part of machine-made lace, involved herein, is more specific than the provision under which the collector of customs classified the involved merchandise.

Accordingly, we hold the merchandise to be properly dutiable under paragraph 1529(a) of the Tariff Act of 1930, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, 86 Treas. Dec. 121, T.D. 52739, at the rate of 65 per centum ad valorem, as claimed by the plaintiff.

To the extent indicated, the specified claim in this suit is sustained; in all other respects and as to all other merchandise, all the claims are overruled. Judgment will be rendered accordingly.

BEFORE THE THIRD DIVISION, NOVEMBER 2, 1959